# EXHIBIT A

Case 1:16-cv-03284-VSB   Document 1-1   Filed 05/03/16   Page 2 of 13

FILED: NEW YORK COUNTY CLERK 04/02/2016 12:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 152808/2016
RECEIVED NYSCEF: 04/04/2016

2016-012587

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

LEANNA MERCEDES,

                Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,
EMMANUEL POLANCO,
individually and on behalf,
of the Department of Education of the
City of New York,

                Defendant.
---------------------------------------------------------------X

Index No.: 152808/2016
Date Purchased: 04/02/16

Plaintiff designates New York
County as the place of trial

**CORRECTED SUMMONS**
The basis of the venue is:
Defendant's Principal Place of
business

Plaintiff resides: 3512 Perry Avenue
Bronx, NY 10467

To the above named Defendants:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 17, 2016

                              Yours, etc.,

                              /Stewart Lee Kalrin
                            STEWART LEE KARLIN, ESQ.

DEFENDANTS' ADDRESS         Attorney for Plaintiff
100 Church Street                  111 John Street, 22nd Floor
New York, NY 10007             New York, NY 10038
ATT: CORPORATION COUNSEL   (212) 792-9670

Defendant Polanco
at 149 E Mosholu Pkwy N,
Bronx, NY 10467.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

LEANNA MERCEDES,

                Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, THE BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK, and EMMANUEL POLANCO,
individually and on behalf of the Department of Education
of the City of New York,

                Defendants,
---------------------------------------------------------------X

**CORRECTED VERIFIED COMPLAINT**

Index No.: 152808/16

        The Plaintiff LEANNA MERCEDES, by her attorney, STEWART LEE KARLIN, respectfully shows to this Court and alleges as follows:

1.   Plaintiff LEANNA MERCEDES (hereinafter at all times mentioned "Plaintiff") is an employee of the Defendant the Department of Education of the City of New York (hereinafter "DOE").

2.   Defendant Department of Education of the City of New York (hereinafter Defendant or "DOE") is charged by law with responsibility for the operation, management and control of the New York City public education and is within the jurisdiction of this Court. At all times relevant, Defendant employs more than fifteen individuals and is thus an employer within the meaning of Title VII. EMMANUEL POLANCO, is the Principal at MS 80 and was acting individually and on behalf of the DOE at all time relevant in the complaint.

2

3. At all times relevant, Plaintiff is an employee within the meaning of Title VII.

4. Plaintiff has been deprived of equal employment opportunities in violation of the Title VII.

5. Plaintiff has commenced this action pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e et seq. Plaintiff duly filed a formal complaint with the EEOC and a notice of right to sue letter was issued by the EEOC and this case is commenced within 90 days of receipt of the right to sue letter conferring concurrent jurisdiction on this Court.

6. Plaintiff, female, was employed at the DOE as an Assistant Principal. Plaintiff was initially hired on August 30, 2006 as a teacher at MS 80. In September 2008, she became a Dean at MS 80.

7. In July 2010, Plaintiff enrolled in the Leadership Program and completed her residency at MS 454, as an Educational Administrator.

8. In February 2011, she returned to MS 80 and became the Acting Assistant Principal in August 2011 and was officially appointed in February 2012.

9. Emmanuel Polanco became the interim acting principal in April 2012.

10. Mr. Polanco gave Plaintiff a "D" rating (doubtful) on annual review claiming that he did not have sufficient time to observe her.

11. However, he gave the other two male Assistant Principals satisfactory rating with the same observation time.

12. Plaintiff filed an internal EEO charge on July 26, 2012 for gender discrimination against Polanco and the discrimination charge was sustained by the EEO office of the DOE.

13. The Principal recommended Plaintiff's probationary discontinuance, however, the Superintendent, Sonia Menendez rejected the Principal's recommendation and Plaintiff

3

continued for the 2012-2013 school year as an AP.

14. Thereafter, on August 30, 2012, the Principal threatened Plaintiff with physical violence when he stated inches from Plaintiff's face "Someone would get hurt and it will not be me."

15. This threat was due to retaliation for her EEO complaint and due to her gender.

16. However, Plaintiff filed a police report (Police Report No. 9078) on or about August 30, 2012 due to the physically threatening remark.

17. Plaintiff was retaliated against for filing the police report, due to her gender and for filing a discrimination complaint as set forth below.

18. In addition, Plaintiff filed an additional retaliation complaint in December 2012.

19. In September 2012, Plaintiff was accused by the Principal of corporal punishment from May 2012. (The Principal is required to report corporal punishment within 48 hours and not several months later.).

20. Plaintiff filed a rebuttal letter with OSI accusing the Principal of perjury.

21. In December 2012, Plaintiff was interviewed by an OSI investigator and was subsequently advised that the perjury charges against Acting Interim Principal Polanco were substantiated.

22. OSI advised Plaintiff to file the additional retaliation charge.

23. Plaintiff sought a transfer in August 2012 and the transfer was set up by the Superintendent but the Principal denied the transfer request in October 2012.

24. In the 2012-2013 school year, Plaintiff for the first time in her DOE career an unsatisfactory annual evaluation. This evaluation was due to Plaintiff's gender, retaliation for filing an EEO complaint and for filing a police report.

25. The Principal again recommended the discontinuance but the Superintendent Melodie Mashel

4

rejected the recommendation to discontinue Plaintiff and thus Plaintiff remained an AP for the 2013-2014 school year.

26. In the 2013-2014 school year, Plaintiff was not given any role for the first half of the school year until the superintendent (Ms. Mashel) stepped in and made the Principal divide the work up equally among the three APs in January 2014. It should be noted that up until January 21, 2014, Plaintiff was *not* allowed to perform any of her responsibilities and was not allowed to interact with the staff and students.

27. In the 2013-2014 school year, Plaintiff's annual review was again unsatisfactory for the second time in her DOE career.

28. Upon information and belief, the Principal again recommended Plaintiff's discontinuance but the Superintendent Mashel stepped in and prevented Plaintiff from being discontinued.

29. In addition, in May 2014, there was an OSI investigation regarding Plaintiff confiscating a cell phone. It should noted that the student subsequently retracted her allegation to Plaintiff and apologized for complaining about the incident. The investigation was completely biased and the allegation that there was a tug of war for the cell phone is false and even if true is not a violation of the Chancellor's regulations.

30. In addition, the fact that Plaintiff attempted to prevent a student from running out of the classroom is not violation of Chancellors regulations. There were other unsubstantiated and false charges brought by this Principal who was looking for any possible reason to discontinue Plaintiff as he had previously attempted on numerous occasions.

31. Finally, the Interim Acting Principal Polanco recommended Plaintiff's discontinuance as an AP and she was subsequently discontinued by Superintendent Mashel on January 13, 2015.

5

32. In addition, the Principal subjected Plaintiff to disparate treatment and a hostile work environment due to her gender and in retaliation for her complaints of discrimination to wit:

> (1) subjecting Plaintiff to shorter deadlines to complete work then the similarly situated male APs;
>
> (2) Plaintiff job responsibilities were removed in her area of expertise (ELA and Social Studies) and assigned her science even though the test scores went up in ELA;
>
> (3) there was a lack of communication with Plaintiff and he would not respond to Plaintiff's emails;
>
> (4) Plaintiff was considered (despite having the most seniority) the lowest in the chain of command among the APs;
>
> (6) Plaintiff was excluded from meetings;
>
> (7) Plaintiff's evaluations were not signed off by the Superintendent;
>
> (8) Plaintiff access to certain data systems was removed such ATS and ARIS;
>
> (9) Plaintiff has been harassed in an effort to force her to resign;
>
> (10) Plaintiff was falsely accused of not following procedures;
>
> (11) False accusations were asserted against Plaintiff regarding corporal punishment, and other false charges such as the OSI report dated June 25, 2014, a letter dated November 18, 2013, March 7, 2013, March 24, 2014, October 1, 2012 and an undated letter and undated end of year summary.
>
> (12) Being denied per session work.

33. Plaintiff has been subjected to a disparate treatment and a hostile work environment due to her gender and retaliation for complaining about gender discrimination and due to petitioning

6

the government concerning matters of public concern.

### FIRST CLAIM FOR RELIEF-DOE ONLY

34. Plaintiff repeats and realleges each and every preceding paragraph as if fully set forth at length herein.

35. Plaintiff has been subjected to disparate treatment, a hostile work environment and a discriminatory termination based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq.

### SECOND CLAIM FOR RELIEF-DOE ONLY

36. Plaintiff repeats and realleges each and every preceding paragraph as if fully set forth at length herein.

37. Plaintiff has been subjected to disparate treatment, hostile work environment and a discriminatory termination based on retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq.

### AS AND FOR A THIRD CLAIM FOR RELIEF- US CONSTITUTION- FIRST AMENDMENT- AGAINST ALL DEFENDANTS

38. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

39. Defendants violated the First Amendment of The United States Constitution by retaliating against for filing a police report on matters of public concern relating to safety issues.

40. Plaintiff's advocacy was separate and apart from the job duties she had as an Assistant Principal but rather as a citizen regarding matters which are of a public concern and interest. Plaintiff's job responsibilities did not include going filing a police report.

41. As a direct result of Plaintiff's protected activity, Defendants retaliated against Plaintiff as set forth above including her termination.

42. Based upon the foregoing, Defendants retaliated against Plaintiff as set forth above in violation of the First Amendment of the U.S. Constitution.

43. There were no legitimate reasons for Defendants actions except retaliation due to Plaintiff's exercise of her First Amendment rights.

44. As a result of Defendants' actions, Plaintiff suffered emotional pain and humiliating irreparable damage to her reputation and was damaged. Defendants actions have injured Plaintiff in her employment.

45. Defendants deprived plaintiff of such rights under color of State Law.

46. As a result of Defendant's actions in retaliating against Plaintiff for her speech, Plaintiff has been damaged.

### PLAINTIFF HEREIN DEMANDS A JURY TRIAL

WHEREFORE, Plaintiff respectfully requests a judgment against DefendantS as follows:

1. Enter a judgment declaring that Defendants' patterns, practices and omissions, as described above, violate the law and reinstatement retroactively to the position she would have been in but for the discrimination, retaliation and first amendment violation;

2. Enter a judgment and award in favor of Plaintiff and against Defendant for reasonable monetary damages and all other damages owed to Plaintiff in an amount proven at trial, resulting from Defendants' unlawful acts or omissions including back pay and value of the loss of benefits and pain and suffering and

damage to Plaintiff's reputation;

3. Enter a judgment and award in favor of Plaintiff for costs, including but not limited to reasonable attorneys' fees, experts' fees, and other costs and expenses of this litigation;

4. Enter a judgment and award in favor of Plaintiff for pre-judgment interest;

5. Award such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper.

Dated: New York, New York  
March 17, 2016

Respectfully submitted,

STEWART LEE KARLIN  
LAW GROUP, PC

_s/Stewart Lee Karlin_  
STEWART LEE KARLIN, ESQ.  
Attorney for Plaintiff  
111 John Street, 22nd Floor  
New York, NY  10038  
(212) 792-9670

## VERIFICATION

STATE OF NEW YORK  )

COUNTY OF NEW YORK)  ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
       March 17, 2016

                                          s/ Stewart Lee Karlin
                                          STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       March 17, 2016

                                            /Stewart Lee Kalrin
                                          STEWART LEE KARLIN, ESQ.